FORM TO BE USED BY PRISONER IN FILING A PETITION FOR WRITS OF
HABEAS CORPUS

UNDER 28 U.S.C. § 2241

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF ARKANSAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 0 6 2025

TAMMY H. DOWNS, CLERK

By:_____
                    DEP CLERK

BOBBY LEE POSEY #113508
_____
Petitioner

7206 W. 7th Ave, Pine Bluff, Ar, 71603
(Full name under which you were convicted;
prison number; and full mailing address.)

Vs.

DEXTER PAYNE (Director)
_____
Respondent

CIVIL ACTION NO. _____

4:25-cv-01040-BSM-ERE

This case assigned to District Judge Miller
and to Magistrate Judge Ervin

Warden Jackson
_____
(Name of Warden or other authorized person
having custody of petitioner.)

PLEASE COMPLETE THE FOLLOWING. READ THE ENTIRE PETITION BEFORE FILLING IT
OUT. ANSWER THOSE QUESTIONS WHICH PERTAIN TO YOUR TYPE OF CLAIM.

1.    This petition concerns: (Check appropriate blank.)

   [✓]   a conviction

   [ ]   a sentence (CAUTION:      If you are attacking a sentence imposed under a federal
                                   judgment, you must first file a direct motion under 28
                                   U.S.C. § 2255 in the federal court which entered the
                                   judgment.)

   [ ]   jail or prison conditions

   [✓]   prison discipline

   [ ]   a parole problem
   [✓]   other.      State briefly:

   Unlawful Prison Disciplinary Conviction.

1. of 11

2.    Place of detention: _R.L.W. Unit_ _____

_____

3.    Have you filed previous petitions for habeas corpus, motions under 28:2255, or any other applications, petitions or motions with respect to this conviction?

☐ Yes          ☑ No

If your answer above is "Yes," give the following information:

a.  Name of Court: _____

b.  Nature of Proceeding: _____

c.  Grounds raised:

_____

d.  Result: _____

e.  Date of Result: _____

f.   Citation or number of any written opinion or order entered pursuant to each such disposition:

_____

4.    If you did not file a motion under Section 2255 of Title 28, U.S.C., or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention.

_N/A_ _____

5.    Are you presently represented by counsel?          ☐ Yes    ☑ No

If so, name, address and phone number of counsel: _____

_____

_____

2 of 11

6. Name and location of court which imposed sentence:

R.L.W. Disciplinary Court

7. Indictment or case number, if known: May 13, 2025 & May 24, 2025 Disciplinaries

8. Offense or offenses for which sentence was imposed:

Battery, Possession of Weapon, Lying To Staff, Assault, Banding Together, Refusing Orders

9. Date upon which sentence was imposed and the terms of the sentence:

May 26th & June 3rd 2025   1year Class IV, 150 forfeited good time credits, 30 days Isolation and Commissary, Phone, Visitation Restrictions for 120 days.

10. When was a finding of guilty made? (Check one.)

[ ]     After a plea of guilty

[ ]     After a plea of not guilty

[ ]     After a plea of nolo contendere

11. If you were found guilty after a plea of not guilty, was that finding made by:

[ ]     A jury

[✓]     A judge without a jury  A Disciplinary Hearing Officer

12. Did you appeal from the judgment of conviction or the imposition of sentence?

[✓] Yes          [ ] No

13. If you did appeal give the following information for each appeal:
                                                Ar. Dept. of Corrections
   a. Name of Court: Appealed To Warden, Disciplinary Hearing Administrator & Director

   b. Result: Both Disciplinary Convictions were affirmed at all levels with one being Modified.

   c. Date of Result: August 6th 2025 and August 8th, 2025 (Exhibits B & D)

   d. Citation or number of opinion: N/A

   e. Grounds raised: (List each one.)

_____

_____

_____

_____

3 of 11

. Petitioner Submits and Contends that the Adc's findings with regards to his May 13, 2025 disciplinary attached as (Exhibit-A), and their final decision attached as (Exhibit-B), were entered in an arbitrary, Capricious and lawless manner Characterized by an abuse of the agency's discretion, in violation of Petitioner's due process rights.

Ground Two: The Adc's findings were in error in Violation of Petitioner's Due Process rights in that they were not Supported by Some, or any Substantial evidence of record.

Facts are: On May 13, 2025, Petitioner was written a disciplinary for out of place of assignment, Battery, Possession of a Weapon, Possession of Clothing or property not issued by the Unit Center and Lying to a staff. Petitioner appeared before the disciplinary Hearing officer on May 20 2025 and was found guilty of every charge except the out of place of assignment which was clearly erroneous. Petitioner was found guilty of battery for hitting another inmate that hit him first. Petitioner was found guilty for possessing a weapon in violation of the prisons disciplinary policies rules and regulations, particularly Administrative Rule 831-3, which states under "Contraband and other

4 of 11

Physical Evidence : In no case will an inmate be found guilty of possessing Contraband or fighting with or possessing a weapon unless the Hearing Officer has before him / her either the actual evidence in question, a photograph of said evidence, or a lab/written report indicating the substance is in fact Contraband." Under ' Evidence Relied Upon'. Photographs and lab / written reports should be attached to the disciplinary report.

. Petitioner submits and Contends that none of these procedures were followed in Connection with his May 13. 2025 disciplinary report, or its May 21. 2025 Disciplinary Hearing Action which clearly violates Petitioner's right to Procedural Due Process. AR-831-3 further states under ' Evidence Relied Upon' that : " The Hearing Officer must include a list of the individual pieces that were relied upon in reaching a disposition. The evidence must not only be described but must be explained. In cases where weapons or Contraband are involved, a notation should be made in the proper slot indicating the form in which it was observed and further describing the item with particularity."

None of these procedures were followed from the start of the disciplinary beginning on May 13. 2025, or its ending by final decision by Director Dexter Payne

5 of 11

entered on August 6, 2025, attached as (Exhibit-B).
There is no photo or description of any weapon.
Nothing in the record shows Petitioner being in
possession of any firearm, ammunition, fireworks,
explosives, unauthorized Combustible substance or
unauthorized tool.     Furthermore; on August 6, 2025,
as evidenced by (Exhibit-B), Director Dexter Payne
Modified the Hearing Officer's findings to read not
guilty of Rule violation 9.5 which is Possession /
Introduction of Clothing or property not issued or
authorized by the Center unit which clearly implies
that what Petitioner was accused and found guilty
of possessing, was Clearly legal, not Contraband, and
authorized by the ADC.

Petitioner was charged and found guilty of Possession
of a Weapon for possessing an unknown object.
Unknown speaks for itself.  It means the object is not
known.  We therefore Can't say that the alleged object
was a weapon. And for the ADC to find me guilty
of Possessing a weapon in violation of their own laws
and policies was clearly erroneous in excess of
the agency's statutory authority. The agency's findings
were not supported by any evidence of record.  Their
decisions to find Petitioner guilty and uphold the
guilty verdict were all made in an arbitrary, Capricious
and lawless manner Characterized by the agency's

abuse of discretion in violation of Petitioner's Due process rights guaranteed to him under the 14th Amendment.

Petitioner further submits and contends that the decisions entered against him in connection with the May 24, 2025 disciplinary were erroneous in excess of the agency's statutory authority and rendered in an Arbitrary, Capricious and lawless manner characterized by the ADC's abuse of discretion, In violation of their own laws and policies in violation of Petitioner's Due Process rights guaranteed to him under the 14th Amendment of the U.S Constitution.

Facts are: The Disciplinary Hearing Officer / ADC Committed reversible error by violating my right to recieve procedural due process for their failure to dismiss my disciplinary and Hearing as untimely in accordance with Subsection E-3 of Administrative Rule -831. In Petitioner's disciplinary regarding his second incident where the attached June 3, 2025 Disciplinary Hearing Action labeled (Exhibit-C) derives from: The Charging Officer stated that: on 5-24-25 at 10:00 am, he started an investigation by review of Surveillance footage on an incident that occured in 1bks bathroom area on 5-14-25. The Charging Officer stated that he concluded his

.investigation at 10:40 am on the same date he started it. It took the Charging Officer 40 minutes total to start and Conclude an investigation on a disciplinary matter that the Charging officer waited 10 days to investigate and afterwards write a disciplinary which is clearly unlawful and unauthorized by any Administrative Rule, Regulation, or Directive.

The alleged 5-14-2025 incident was not a Concealed incident. The date of the discovery of this episode was the same date of infraction.

. Subsection E3 of AR-831 states that no disciplinary will be heard after (5) days (excluding weekends and holidays from the time of the infraction or discovery of episode except pursuant to a valid extension.)   .

There was no valid extension in Petitioner's case. The 5 or 7 day statute of limitations for Conducting Petitioner's hearing had exceeded several times over; And as such, Petitioner's hearing should've been dismissed or overturned as untimely. And the ADC's failure to do so as evidenced by the agency's final decision attached as (Exhibit-D) Constitutes reversible error.

    CONCLUSION: Petitioner has a legal right to earn statutory good time and be paroled under A.C.A-16-93-615 after serving a quarter of his

...imposed 10 year sentence. Petitioner has a legal right to earn good time through Class promotion under AD-18-01 which shortens the duration of Petitioner's Confinement.

The penalty for violating rule 9.1 and 9.3 causes your petitioner to serve (365) days dead time as evidenced by AD-18-01 Class promotion attached as (Document-1) which prevents Petitioner from being able to earn any of his statutory good time Credits for 1 year which extends petitioner's duration of Confinement. The 1 year denial of Class promotion is equivalent to restraint.

The restraint is hindering your Petitioner from being able to move forward towards an earlier release on parole through the restoration of statutory earned good time credits through the promotion of Classification.

Parole is mandatory in Arkansas for us non-discretionary non violent offenders. The reduction of Petitioner's Class Status to <u>IV</u> for an entire year, prevents your Petitioner from being able to earn any statutory good time Credits for an entire year which is equivalent to the loss of over 600 days of good time Credits being forfeited for the May 13, 2025 disciplinary Coupled along with the 174 days forfeited good time for the May 24, 2025 disciplinary action. Thus Creating a Liberty Interest raising a Constitutional

Violation by extending the duration of Petitioner's Confinement. Wolf V. McDonnell, 418 U.S 539, 566 (1974). See Class promotion status pages 3 and 6 of seven, attached as (Document-1).

Petitioner submits and Contends that the final results stemming from his May 13 and May 24th of 2025 disciplinary appeals are erroneous and the result Cannot be relied on as Just, and is in serious need of Correction.

RELIEF: Petitioner prays this Honorable Court finds the ADC's decisions regarding his May 13th and May 24th of 2025 disciplinary episodes to be made in error. Petitioner asks this Court to reverse and find him not guilty on the Weapons Charge inconnection with his May 13th 2025 disciplinary and expunge the offense from his institutional file and direct the Adc to create a Self defense policy for the non-aggressor in battery and assault offenses.

In regards to the May 24. 2025 disciplinary action; Petitioner prays this Court enter an order reversing and dismissing this disciplinary action in its entirety as untimely in Violation of the prison disciplinary policy. Remove this Conviction from his inmate file and for any other relief this Court deems Just and proper.

Bobby K Toney

10 of 11

Signed this 21st day of September 2025.

<u>Bobby L Posey</u>
PETITIONER


. I declare (or certify, verify or state) under the penalty of perjury that the foregoing is true and correct. Executed on this 21st day of September 2025.

Bobby L Posey


## <u>CERTIFICATE OF SERVICE</u>

I, Bobby Posey, do hereby certify that a copy of this foregoing Habeas Petition with supporting Exhibits and Documents was sent to Pro-Se Clerk at: 600 W. Capitol Ave, Room A-149, Little Rock, Ar. 72201 this 24th day of September, 2025. Affixed with sufficient postage to ensure its delivery.

Bobby L Posey

CC
Board of Corrections
Compliance Division
P.o. Box 20550
Pine Bluff, Ar. 71602
9-24-25

11 of 11

# MAJOR DISCIPLINARY

who must immediately notify the Director.

**Inmate:** Posey, Bobby  *[Exhibit-A]*   **ADC#:** 113508E   **Assignment:** AM/PM:Ground Crew

**Class:** I-C   **is being charged by**   Odom, Natasha M   **Title:** Captain

**with code violation(s):**

*— Bogus charge, Just goes to show her intentions.*

03-5  Out of place of assigment. *— Law of Nature gives man right to defend himself.*

04-8  Battery--Use of physical force upon an inmate. *— I had every right to ~~int~~ use force in response to force.*

09-1  Possession/Introduction of any firearm, ammunition, weapon, fireworks, explosive, unauthorized combustible substance, or unauthorized tool.
Rule violation may results in loss of all good time. *— Unknown object is not listed for Rule 9.1 or 9.5*

09-5  Possession/Introduction of clothing OR property not issued OR authorized by the center/unit *unknown object means*

13-2  Lying to a staff member, including omissions and providing misinformation *a person does not know what the object is. How can you classify it?*

**Date & Time:** 05/13/2025   7:39 PM

**Notice of Charges:**

On May 13, 2025, at approximately 6:15 p.m., I, Captain Natasha Odom entered the Captain Office as Inmate **Bobby Posey #113508** was waiting to accept legal mail. Upon looking at Inmate Posey facial area his right eye was black and closed shut. Inmate Posey was questioned as to what happened, and he stated that he was assaulted by several inmates in the barracks while he was sleeping this morning. I, Captain Odom started an investigation on May 13, 2025, at approximately 6:40 p.m., viewing surveillance footage for 3 Barracks. At approximately 3:31 a.m., I, Captain Odom observed Inmate Jalil Glover #182799 and Inmate Posey #113508 standing in front of each other having a verbal altercation as Inmate Houston Reed #182062 sat on Inmate Posey rack. Inmate Glover and Inmate Posey began striking each other with closed fists in the upper body area and Inmate Reed came to pull Inmate Posey down to the floor and the two separate and began to hug one another. As I, Captain Odom continued to view surveillance footage, I observed at 5:44 a.m. Inmate Posey is sitting on his rack surrounded by several unknown inmates and Inmate Reed grabs Inmate Posey by the neck and begins striking him in the facial area several times before releasing him. Moments later, Inmate Posey has an unknown object in his hand and gets up from the rack and chases Inmate Reed to the staircase. Inmate Posey then turns and begins chasing several unknown inmates before grabbing a broom handle. As he stands with the broom handle, Inmate Reed walks in Posey's direction with a mop handle and the two begin to swing at each other in the dayroom area. Both Inmate Reed and Posey separate. Inmate Reed walks upstairs, and Inmate Posey goes toward his assigned rack and begins sweeping around his rack as staff enters the barracks. I, Captain Odom concluded my investigation at approximately 7:39 p.m. on May 13, 2025. All inmates involved know their actions are against ADC Rules and Regulations. Therefore I, Captain Odom am charging Inmate B. Posey #113508 with rule violations 3-5, 4-8, 9-1, 9-5 and 13-2 pending DCR. *It is clear that the broom is not being considered a weapon. I am just standing with broom. Reed comes messing with me forcing me to use the broom as a blocker. Reed moves, and my intentions with the broom are shown. I start sweeping my*

*[margin right handwritten: This does not identify who hit me. A person, if someone hits me, A person. The other person has a right to fight back]*

(I affirm that the information in this report is true to the best of my knowledge) *r.L.K*   | **Signature of Charging Officer**

**NOTIFICATION:**   **Officer** _Kirk D Johnson_   **Date & Time Notified** 5/17/25  4:16pm

**Witness Statements:**   **No** X_   **If yes, list:**

_____

**Inmate's Signature**

**C.S.O. Review:**   **Outcome:** Refer to Hearing Officer/Comm.
**By:** Taylor, Scott A   **Date** 05/15/2025

**Extension:**   **No** X_   **Yes** ___   **Has extension form been completed?** _____

Presentation by Counsel - Substitute is required when it is determined that the inmate is illiterate or incompetent or that the issues are extraordinarily complex.

**Counsel-Substitute:**   **Assigned (Name)** _____   **Not Assigned**

*( Exhibit-A )*

*This disciplinary ended in me having to do 1 year Class IV meaning: I cannot start back earning my statutory good time until June of 2026. Thus extending my length of time to serve in prison.*

**ARKANSAS DEPARTMENT OF CORRECTIONS**
**DIVISION OF CORRECTION**
**OFFICE OF THE DIRECTOR**
**DEXTER PAYNE**

6814 Princeton Pike
Pine Bluff, AR 71602



## MEMORANDUM

**TO:**     **Inmate Bobby Posey, ADC #113508 – Randall L. Williams Unit**

**FROM:**   **Dexter Payne, Director**

**RE:**     **Major Disciplinary Appeal**

**DATE:**   **August 6, 2025**

Please be advised that I am in receipt of your disciplinary appeal regarding the major disciplinary you received 5/13/2025 at 7:39 PM from Cpt. Odom.

You stated in your disciplinary appeal that you have never used physical force.

Your disciplinary states, "On May 13, 2025, at approximately 6:15 p.m., I, Captain Natasha Odom entered the Captain Office as Inmate **Bobby Posey #113508** was waiting to accept legal mail. Upon looking at Inmate Posey facial area his right eye was black and closed shut. Inmate Posey was questioned as to what happened, and he stated that he was assaulted by several inmates in the barracks while he was sleeping this morning. I, Captain Odom started an investigation on May 13, 2025, at approximately 6:40 p.m., viewing surveillance footage for 3 Barracks. At approximately 3:31 a.m., I, Captain Odom observed Inmate Jalil Glover #182799 and Inmate Posey #113508 standing in front of each other having a verbal altercation as Inmate Houston Reed #182062 sat on Inmate Posey rack. Inmate Glover and Inmate Posey began striking each other with closed fists in the upper body area and Inmate Reed came to pull Inmate Posey down to the floor and the two separate and began to hug one another. As I, Captain Odom continued to view surveillance footage, I observed at 5:44 a.m. Inmate Posey is sitting on his rack surrounded by several unknown inmates and Inmate Reed grabs Inmate Posey by the neck and begins striking him in the facial area several times before releasing him. Moments later, Inmate Posey has an unknown object in his hand and gets up from the rack and chases Inmate Reed to the staircase. Inmate Posey then turns and begins chasing several unknown inmates before grabbing a broom handle. As he stands with the broom handle, Inmate Reed walks in Posey's direction with a mop handle and the two begin to swing at each other in the dayroom area. Both Inmate Reed and Posey separate. Inmate Reed walks upstairs, and Inmate Posey goes toward his assigned rack and begins sweeping around his rack as staff enters the barracks. I, Captain Odom concluded my investigation at approximately 7:39 p.m. on May 13, 2025. All inmates involved know their actions are against ADC Rules and Regulations. Therefore I, Captain Odom am charging Inmate B. Posey #113508 with rule violations 3-5, 4-8, 9-1, 9-5 and 13-2 pending DCR."

You stated during your disciplinary hearing, "I am not going to say that I didn't do anything. As you read in the disciplinary, I was on the defense side."

[ Exh. b. t-B ]

1 of 2

After a thorough review of all the documents pertaining to this matter, I am upholding the guilty verdicts of rule violations 04-8/Battery-Use of physical force upon an inmate; 09-1/Possession/ introduction of any firearm, ammunition, weapon, fireworks, explosive, unauthorized combustible substance, or unauthorized tool; 13-2/Lying to a staff member, including omissions, and providing misinformation. I am modifying 09-5/Possession/introduction of clothing or property not issued to inmate nor authorized by the center/unit to read not guilty; therefore, your disciplinary is modified.


DP:ls
cc:    Warden / Inmate File / File

*Exhibit-B*

*2 of 2*

( Exhibit-C )

**ISSR101**                          **Arkansas Department of Correction**

## DISCIPLINARY HEARING ACTION

**Inmate:**  Posey, Bobby          **ADC#:**  113508E     **Unit:**  Randall L. Williams Cor. Facility

**Code Violation(s):**

01-1  Banding together for any reason which disrupts unit operations which may include taking over any part of the unit or property of the Department, seizing one or more persons as hostages, or interrupting operations. Rule violation may result in loss of all good time.

05-3  Assault. Any willful attempt or threat(s) to inflict injury upon another, directly or indirectly, verbally or in writing.

12-3  Failure or refusing to obey verbal and/or written order(s) of staff

12-4  Refusing a direct verbal order to leave or enter any area of the institution   or ADC property including, but not limited to, a cell, barracks, chow hall, transportation vehicle, hallway, or work site.

03-5  Out of place of assigment.

02-17 Creating unnecessary noise,including disruptive OR aggressive play in areas other than designated recreation areas.

**Date/Time of Alleged Offense(s):**     05/24/2025  10:40 AM

**Hearing Date:**   06/03/2025          **Time:  Start**    8:11 AM                          **End**    8:19 AM

**Recorder:**   Minor, Justine M          **Tape#:**          **Side:**     **Meter:  From**                      **To**

**Plea:**   Not Guility, Not Guilty, Not Guilty, Not Guilty, Not Guilty, Not Guilty          **Attendance Waived:**     No

**Has waiver form been completed?** _____

**Inmate's Statement:**

1. this disciplinary is expired this was not a isolated incident I had just woke up and I went to see what was going on I had just been move in to this barrack and I did not known no one in there and I got jump on the other week myself

_____

 **Signature of Inmate**

**Court Questions:**

Do you have a statement?

**Sentencing Conditions:**

**Verdict:**   Guilty, Guilty, Not Guilty, Guilty, Guilty, Guilty

## Restriction Days to Serve

| | | | |
|---|---|---|---|
| Commissary: | 60 | Days Suspended: | 0 |
| Phone: | 60 | Days Suspended: | 0 |
| Visitation: | 60 | Days Suspended: | 0 |
| Punitive Isolation Days to Serve: | 30 | Days Suspended: | 0 |
| GT Class Reduced to: | IV | Class Suspended: | |
| GT Days Forfeited: | 174 | Days Suspended: | 0 |

( Exhibit-C )



# ARKANSAS DEPARTMENT OF CORRECTIONS
## DIVISION OF CORRECTION
### OFFICE OF THE DIRECTOR
### DEXTER PAYNE

6814 Princeton Pike
Pine Bluff, AR 71602

## MEMORANDUM

**TO:**   Inmate Bobby Posey, ADC #113508 – Randall L. Williams Unit

**FROM:**   Dexter Payne, Director,

**RE:**   Major Disciplinary Appeal

**DATE:**   August 8, 2025

Please be advised that I am in receipt of your disciplinary appeal regarding the major disciplinary you received 5/24/2025 at 10:40 AM from Sgt. Brown.

You stated in your disciplinary appeal that your due process was violated.

Your disciplinary states, "On 05/24/2025 at 10:00am. I, Sgt. L. Brown started an investigation by review surveillance footage on an incident that occurred in 1 barracks bathroom area on 05/14/2025. On 05/14/2025 at approximately 11:39pm (surveillance footage time) Lt. Kurtis Holcomb and Cpl. Anthony Smith along with medical staff were attempting to give medical attention to an inmate on 1 barracks bathroom floor. Inmate's Quinton Armstrong #166158 and Djuan Williams #182666 can be seen becoming agitated and began to also agitate the 1 barracks inmate population. Staff can be seen giving the 1 barracks inmate population several direct order to step away from the area and go to their assigned beds in which they continued to refuse. Inmate Djuan Williams #182666 can be seen pacing back and forth hitting his hands together before going into 1 barracks bathroom shouting threats towards Lt. Holcomb. Inmate Quentin Armstrong #166158 began covering his face with a state shirt and aggressively pushing through the crowd making several threats and swing towards staff with his arm. Inmate Orlanda Zepeda #164800 can be seen rushing into the 1 barracks bathroom area and cornering Lt. K. Holcomb and Cpl. A. Smith whilst aggressively jumping at them and making threats. Jesus Lara-Garcia #175013 stood next to inmate Zepeda and began shouting threats towards staff. Inmate Jose Cazares #182672 alongside inmate Zepeda making threats toward staff. Inmate Austin George #168290 can be seen near the middle of the crowd shouting threats towards staff and throwing his hands in the air. Inmate Demontreal Redden #183161 can be seen towards the middle of the crowd standing over medical staff and he then turns around and begin shouting threats towards Lt. K. Holcomb. Inmate Freddie Rice-Jones #176921 can be seen standing in the middle of the crowd shouting several threats toward staff. Inmate Johnathan Daniel #164223 can be seen standing amongst the crowd pushing the backs of several inmates and shouting threats towards Lt. Holcomb and Cpl. Smith. Inmate Clifton Guire #184763 is standing amongst the back of the crowd shouting threats towards staff. Inmate Antonio Elliott #182795 is standing in the middle of the crowd shouting threats towards staff. Inmate Quentin Owens #554184 is standing amongst the back of the crowd shouting threats towards staff. Inmate Bobby Posey #113508 is standing amongst the back of the crowd peeking around the wall shouting threats towards staff. Inmate Diago Fayne #173147 can be seen standing in the crowd pushing the backs of several inmates whilst shouting threats toward staff. Inmate

[ Exhibit-D ]
1 of 2

Dorian Ealy #173329 is standing in the middle of the crowd with his hands on the back of other inmates shouting threats towards staff. Inmate Devin White #183414 can be seen entering the area and shouting threats towards staff. Sgt. L. Brown concluded his investigation at 10:40am. Due to the above actions of all inmates listed above Lt. K. Holcomb along with Cpl. A. Smith and medical staff were all cornered into the 1 barracks bathroom area. The medical attention of both staff and inmates were also delayed due to this disturbance. Therefore, I am charging Inmate B. Posey #113508 with rule violations 1-1, 5-3, 12-3, 12-4, 3-5, & 2-17. Pending DCR."

You stated during your disciplinary hearing, "This disciplinary is expired. This was not an isolated incident. I had just woken up and I went to see what was going on. I had just been moved into this barrack and I did not know no one in there. I got jumped on the other week myself."

After a thorough review of all the documents pertaining to this matter, I am upholding the guilty verdicts of rule violations 05-3/Assault-any threat(s) to inflict injury upon another, directly or indirectly, verbally or in writing; 01-1/Banding together for any reason which disrupts unit operations which may include taking over any part of the unit or property of the Department, seizing one or more persons as hostages, or interrupting operations; 12-4/Refusing direct verbal order to leave or enter any area of the institution or ADC property including, but not limited to, a cell, barracks, chow hall, transportation vehicle, or hallway; 03-5/Out of place of assignment. I am modifying 02-17/Creating unnecessary noise, including disruptive or aggressive play in areas other than designated recreation areas to read not guilty; therefore, your disciplinary is modified.


DP:ls
cc:    Warden / Inmate File / File

[ Exhibit - D ]

2 of 2

Bobby Posey - 113508
7204 W. 7th Ave.
Pine Bluff, Ar. 71603

ORIGINATED
AT
ADC RLW UNIT



quadient
FIRST-CLASS MAIL
IMI
$002.44 º
10/02/2025 ZIP 71603
043M30251746

US POSTAGE

Legal Mail

Pro-Se Clerk
600 W. Capitol Ave, Rm A-149
Little Rock, Ar. 72201