**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**BOBBY LEE POSEY**                                                              **PETITIONER**
**ADC #113508**

**VS.**                              **NO. 4:25-cv-01040-BSM-ERE**

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                              **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to United States District Judge Brian S. Miller. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Miller can adopt this RD without independently reviewing the record.

**I.     Summary**

Bobby Lee Posey, an inmate at the Randall Williams Correctional Facility Division of the Arkansas Division of Correction ("ADC"), has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. He asks the Court to overturn two ADC disciplinary convictions, claiming they were obtained in violation of his right to due process. Because it plainly appears from the face of the petition and attachments that Mr. Posey is not entitled to federal habeas relief, his petition should

be summarily dismissed, with prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] In addition, because the facts alleged fail to present a potentially viable conditions-of-confinement claim, the Court should dismiss the case without offering Mr. Posey the opportunity to convert this case to a civil rights action under 42 U.S.C. § 1983.

## II.    Background

Mr. Posey was convicted of disciplinary violations stemming from two major disciplinaries he received on May 13 and May 24, 2025. *Doc. 1 at 12-17*.

The charges issued May 13 alleged out of place assignment, battery, possession of a weapon, possession of clothing not issued or authorized by the prison unit, and lying to a staff member.[2] *Id. at 12.* On May 20, Mr. Posey appeared before

---

[1] In conducting the initial review of a habeas petition required Rule 4, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." As explained in the Advisory Committee's Note to Rule 4, "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

[2] The May 13 charge document (*Doc. 1 at 12*) alleged the following. On May 13, 2025, Captain Natasha Odom noticed that Mr. Posey's right eye was black and closed shut. When questioned, Mr. Posey stated that several inmates had assaulted him that morning. Captain Odom viewed surveillance footage showing that at 3:31 a.m., Mr. Posey and inmate Glover stood facing each other, arguing, while inmate Reed sat on Mr. Posey's rack. Mr.  Posey and inmate Glover began hitting each other with closed fists in the upper body areas.
While continuing to watch the video, Captain Odom observed that at 5:44 a.m., Mr. Posey sat on his rack surrounded by several inmates, when inmate Reed grabbed him by the neck and began striking his face several times before releasing him. Moments later, Mr. Posey, with an unknown object in his hand, rose from his rack and chased inmate Reed to a staircase. Mr. Posey then turned and began chasing other inmates before grabbing a mop handle and walking toward inmate Reed. Mr. Posey and inmate Reed began to swing at each other in the dayroom area and

a disciplinary officer, who found him guilty of each charge with the exception of out of place assignment. *Id. at 13-14*. Mr. Posey appealed to the Director of the ADC, who upheld each conviction, with the exception of possession of clothing not issued by the prison. *Id.*

The charges dated May 24 included banding together with other inmates for any reason that disrupts prison operations, assault, failure to obey orders from staff, refusing an order to leave or enter an area, out of place assignment, and creating unnecessary noise.[3] *Id. at 15*. On June 3, Mr. Posey appeared at a disciplinary hearing and pleaded not guilty. *Id.* The hearing officer found Mr. Posey guilty of all charges, with the exception of failing to refuse to obey an order. *Id*. Mr. Posey appealed, and the ADC Director upheld each conviction, with the exception of creating unnecessary noise. *Id. at 17*.

Mr. Posey received the following sanctions for his disciplinary convictions: (1) temporary loss of commissary; phone, and visitation privileges; (2) thirty days in punitive isolation; (3) a reduction in class preventing him from earning good time

---

then separated. Inmate Reed went upstairs, and Mr. Posey returned to his rack and began sweeping when staff entered the area.

[3] The charging document alleged that surveillance footage showed that on May 14, 2025, prison staff were attempting to provide medical attention to an inmate, when a group of inmates surrounded the scene began shouting at and threatening the officers, including Mr. Posey, who was standing in the back of the crowd shouting treats toward staff. *Doc 1 at 16*.

credits for one year, until June 2026; and (4) forfeiture of 174 days of good time. *Id at 12* (May 13 disciplinary), *15* (May 24 disciplinary).

Mr. Posey argues that his disciplinary convictions were arbitrary and capricious and violated his due process rights. He argues that he was wrongfully convicted of possessing a weapon because ADC prison policies, rules, and regulations required presentation of the actual weapon or a photograph or report demonstrating that the object in question was a weapon. *Id. at 5-6*. He contends that the May 24 disciplinary charges should have been dismissed as untimely. *Id. at 8*.

Mr. Posey argues that his disciplinary sanctions lengthen the duration of his confinement by preventing him "to move forward towards an earlier release date." *Id. at 9*. For relief, he asks the Court to reverse his disciplinary convictions and expunge them from his prison file.

## III. Discussion

### A. No Due Process Violation

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ." *Id*.

4

The only aspect of Mr. Posey's disciplinary conviction that falls within the Court's § 2254 subject matter jurisdiction is his loss of good-time credit. Under Eighth Circuit precedent, a due process challenge to the loss of good time may be pursued through a § 2254 petition for habeas relief. *Blair-Bey v. Nix*, 919 F.2d 1338 (8th Cir. 1990) (holding that a prisoner serving a sentence of life without parole could challenge a loss of good-time credits under § 2254 because his sentence might conceivably be commuted via executive clemency), *cert. denied,* 502 U.S. 899, (1991); *Wilson v. Lockhart*, 949 F.2d 1051, 1051 (8th Cir. 1991) (holding that § 2254 provides the sole federal remedy for ADC inmate challenging his parole eligibility date, even though a favorable decision would not guarantee an earlier release from confinement).

However, Mr. Posey's proposed habeas claim is not viable because his allegations, which are assumed to be true, clearly fail to establish a violation of federal law. See 28 U.S.C. § 2254(a) (providing that a district court can only entertain a habeas petition filed by a person in state custody "on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States.").

Mr. Posey claims that his  due process rights were violated. However, due process requirements apply only where a person is "deprived of life, liberty, or property by government action." *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir.

2003). The only conceivable deprivation resulting from Mr. Posey's disciplinary sanctions is the loss of liberty, but to possess a liberty right protected by the Due Process Clause, Mr. Posey must have "more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

The Due Process Clause itself does not create a liberty interest in credit for good behavior, but a state may create a liberty interest in a "shortened prison sentence through the accumulation of credits for good behavior." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, Arkansas's statutory scheme governing meritorious good time eliminates any possibility that Mr. Posey has a legitimate claim of entitlement to a shortened sentence through the accumulation of meritorious good time.

In *McKinnon v. Norris*, 366 Ark. 404, 408, 231 S.W.3d 725, 729 (2006), a state habeas petitioner claimed that his loss of good time as a disciplinary sanction amounted to the taking of a liberty interest without due process. The Supreme Court of Arkansas disagreed, noting that the governing statute "plainly states that 'meritorious good time will not be applied to reduce the length of a sentence,' [but permits] the application . . . of good time to an inmate's transfer eligibility date." *Id*. at 408, 231 S.W.3d at 729 (*quoting* Ark. Code Ann. § 12-29-201(d)) and citing Ark. Code Ann. § 12–29–201(e)(1)). Multiple federal courts in this District have likewise

concluded that Arkansas law does not create a liberty interest in the retention of meritorious good-time credit.[4]

Even if Mr. Posey's good-time credits were restored, he would have no legitimate expectation of earlier release from prison. The Supreme Court has never recognized a liberty interest in early release where state law leaves the decision to the discretion of a parole board, which is the case in Arkansas. The Arkansas parole statute provides: "The Post-Prison Transfer Board *may* release on parole any eligible inmate . . . when in the board's opinion there is a reasonable probability that the inmate can be released without detriment to the community or himself or herself and is able and willing to fulfill the obligations of a law-abiding citizen." Ark. Code Ann. § 16-93-701(a)(1) (emphasis added).

The Arkansas Supreme Court "has repeatedly held that there is no liberty interest in parole in Arkansas." *Wood v. Arkansas Parole Board*, 2022 Ark. 30, 5, 39 S.W.3d 340, 344, (2022) (citing *Null v. Ark. Parole Bd.*, 2019 Ark. 50, at 3, 567

---

[4] See e.g., *Brown v. Payne*, No. 4:23-cv-00287-BRW-PSH, ECF No. 11, 2023 WL 6626280 (E.D. Ark. October 11, 2023), *report and recommendation adopted by*, No. 4:23-cv-00287-BRW, ECF No. 12, 2023 WL 7159296 (E.D. Ark. Oct. 31, 2023); *Martin v Payne*, No. 4:22-cv-01271-KGB-PSH, ECF No. 44, 2023 WL 10553148 (E.D. Ark. Aug. 4, 2023), *report and recommendation adopted by*, No. 4:22-cv-01271-KGB, ECF No. 65, 2024 WL 1311411 (E.D. Ark., Mar. 27, 2024); *Crockett v. Kelley*, No. 5:18-CV-00210-JM-JTR, ECF No. 16, 2019 WL 1590947 (E.D. Ark. Mar. 14, 2019), *report and recommendation adopted by*, No. 5:18-CV-00210-JM, ECF No. 22, 2019 WL 1590588 (E.D. Ark. Apr. 12, 2019); *Roberts v. Hobbs*, No. 5:14-cv-00044-JHL-BD, ECF Nos. 5, 11, 2014 WL 1345341 (E.D. Ark. April 4, 2014), *certificate of appealability denied*, No. 14-1930 (8th Cir. Aug. 12, 2014).

S.W.3d 482, 483 (2019)). Likewise, the Eighth Circuit has held that the Arkansas parole statutes create only a possibility of parole and confer no right to parole giving rise to a liberty interest. *Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115 (8th Cir. 2007) ("Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions, and [the plaintiff] had no protectable liberty interest in having defendants follow their hearing policy.").

Neither Mr. Posey's loss of good-time credit nor his reduction in class infringed upon a protected liberty interest, and his habeas petition should be summarily dismissed.

### B.    No Potentially Viable Conditions of Confinement Claims

The Eighth Circuit has held that a *pro se* habeas petitioner raising a "potentially viable" conditions-of-confinement claim should receive an opportunity to pursue that claim if he so chooses. *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014). A viable conditions-of-confinement claim under 42 U.S.C. § 1983 requires allegations not present here: that a person acting under color of state law subjected Mr. Posey to a condition of confinement that violated a right secured by the federal Constitution or law.

For reasons already explained, Mr. Posey has no liberty interest in the retention of good-time credits or class status. In addition, neither temporary loss of commissary and visitation privileges nor 30 days in punitive segregation constitute

8

deprivations capable of supporting a plausible due process claim. See *Thornsberry v. Barden*, 854 F. Appx. 105 (8th Cir. 2021) (holding that time in isolation, loss of privileges, and reclassification were insufficient to state a due process claim); *Smith v. McKinney*, 954 F.3d 1075, 1082 (8th Cir. 2020) (holding that a year in punitive segregation and deprivation commissary, phone, and visitation privileges did not deprive prisoner of a liberty interest); *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (holding inmate not deprived of liberty interest during nine months in administrative segregation); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that inmates have no liberty interest in maintaining a particular classification level, and thirty days in punitive segregation is not an atypical and significant hardship infringing on a liberty interest).

None of Mr. Posey's disciplinary sanctions deprived him of protected liberty interest, and his pleading, if converted to a complaint under 42 U.S.C. § 1983, would be subject to dismissal upon screening. *See* 28 U.S.C. § 1915A (requiring screening and dismissal of any portion of a complaint that is frivolous, malicious, or fails to state a claim on which relief can be granted).

9

## IV.   Conclusion

Petitioner Bobby Lee Posey has failed to state a cognizable claim for habeas relief and has no "potentially viable" claims under § 1983.

IT IS THEREFORE RECOMMENDED that Mr. Posey's petition for a writ of habeas corpus (*Doc. 1*) be DISMISSED, WITH PREJUDICE[5] and the requested relief be DENIED.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED.[6]

Dated 5 February 2026.

_____

UNITED STATES MAGISTRATE JUDGE

---

[5] I recommend dismissing Mr. Posey's habeas petition with prejudice because his proposed due process claims fail for lack of a protected liberty interest and no future events or additional factual allegations would render them viable. *Knowles v. TD Ameritrade Holding Corporation*, 2 F.4th 751, 758 (8th Cir. 2021) (noting that a district court may dismiss a pleading with prejudice when amendment would be futile).

[6]  A Certificate of Appealability should be denied because Mr. Posey has not shown that reasonable jurists could debate whether his claims should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003).